UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT FRANKLIN, Individually on behalf of all putative class members, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| APPLE INC., | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND PETITION FOR CLASS CERTIFICATION**

1. Plaintiff, Individually and as a Representative of similarly situated consumers as members of any putative class, brings the following claims against Defendant and respectfully states:

**PARTIES**

2. Plaintiff, Robert Franklin, is a resident of Hopkins County, Texas and lives within the Eastern District of Texas. Plaintiff's residence within Hopkins County, Texas is his true, fixed, and permanent home.

3. Defendant, Apple Inc., is a California corporation incorporated in the state of California with its principal place of business located at 1 Infinite Loop, M/S 38-3TX, Cupertino, California 95014. Defendant is and, at all relevant times, was doing business in the State of Texas by selling and distributing its products. Defendant may be served via its registered agent for service in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this cause of action pursuant to 28 U.S.C. § 1332(a). Plaintiff's true, fixed, and permanent home is in Hopkins County, Texas. Therefore, Plaintiff is a citizen of Texas. Defendant is incorporated in California and maintains its principal place of business in California, and is, thus, a citizen of California. Therefore, as Plaintiff is a citizen of Texas, and Defendant is a citizen of California, complete diversity exists. Additionally, Plaintiff seeks damages in excess of $75,000. Moreover, jurisdiction is also proper pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, *et. seq.* because the amount in controversy for the proposed class is greater than $5,000,000. Similarly, jurisdiction is proper pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. given the nature of the class claims and the number of putative class members.

5. Defendant is subject to personal and general jurisdiction in this Court because it maintains minimum contacts with Texas and engages in systematic and continuous contacts with Texas by selling its products in Texas. Defendant purposefully avails itself of the privilege of doing business in Texas by knowingly selling its products directly or indirectly to Texas consumers. The subject claims arise from or relate to the Defendant's contact with Texas.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) & (c) and CAFA because Defendant is subject to personal jurisdiction in this District and is, therefore, a resident of this District. Moreover, Plaintiff is a resident of this District, and all or a substantial part of the underlying facts occurred within this District.

## FACTS

7.      Defendant is involved in the manufacture, distribution, and sale of the iPhone 6 battery contained in the iPhone 6. The subject model iPhone 6 battery was installed in the iPhone 6 and sold throughout the state of Texas, including Plaintiff's iPhone 6.

8.      The subject model iPhone 6 battery was installed in thousands of iPhone 6s sold and distributed in Texas. The iPhone 6 battery contains a defect at the time it is sold which renders it unable to perform its intended function and unfit for its intended purpose. The iPhone 6 battery contains a defect which makes it unable to reliably perform its function of powering the iPhone 6 without overheating. This defect creates a danger of explosion and fire in the iPhone 6.

9.      In 2018, Plaintiff Robert Franklin purchased an iPhone 6, IMEI 352018078688608. The subject iPhone 6 contained the subject model iPhone 6 battery that was un-merchantable and defective.

10.     Plaintiff's iPhone 6 was originally purchased within the Eastern District of Texas. Upon information and belief, hundreds and likely many thousands of iPhone 6s were also purchased within the Eastern District of Texas and throughout the State of Texas, equipped with the subject model iPhone 6 battery.

11.     On August 15, 2019, Robert Franklin was listening to music on his iPhone 6, when he noticed the music playing on his iPhone began to skip. As he picked up his iPhone to investigate, his iPhone suddenly exploded and caught fire in his face, causing him to fall to the ground. In an attempt to mitigate his fall, Mr. Franklin instinctively tried to brace himself with his right hand. When Mr. Franklin fell to the ground, he immediately felt a burning pain in his eyes and right wrist. Mr. Franklin suffered injuries to his eyes and wrist as a result of this incident, and these injuries continue to plague Mr. Franklin to this day.

12. With a defective battery, Plaintiff's iPhone 6 was unsafe to operate and was destroyed by the explosion. Plaintiff incurred economic loss damages associated with the loss and replacement of his iPhone 6 and subsequent medical treatment for his injuries. Members of the putative class have the same defective iPhone 6 battery and will incur substantially similar economic loss damages associated with the loss and replacement of their iPhone 6s and possible medical treatments.

## RULE 23 CLASS ACTION CERTIFICATION REQUESTED

13. Plaintiff adopts each paragraph set forth above as if fully set forth herein.

14. Pursuant to Rule 23, Plaintiff seeks certification of a class action in this matter with respect to each of the claims alleged. Plaintiff has standing to seek class certification because he is a member of the putative class. Plaintiff suffered financial loss related to the conduct complained of herein and has suffered the same injury and seeks the same relief as other members of the class and seeks to represent the class.

15. Plaintiff seeks the certification of a Texas-only class of persons or consumers. Generally, Plaintiff seeks certification of a class defined generally as those Texas resident individuals, consumers, or owners of cell phones who own an iPhone 6 equipped with the defective iPhone 6 battery.

16. The prerequisites of Federal Rule of Civil Procedure 23(a) are met. The members of such class are so numerous that joinder of all members is impracticable. Moreover, there are common questions of law and fact to the class which predominate, and the claims or defenses of the representative party here are typical of the claims and defenses of the class. The issues related to the existence of a defect (as that terms is used in the warranty context) in the iPhone 6 product, the existence of an implied warranty for owners of an iPhone 6, and the economic loss damage

issues will all be common the class and will predominate over any individual issues.

17.     Plaintiff, along, with counsel, has proper standing and will fairly and adequately protect the interests of the class. Plaintiff has standing to bring the class claims, and he and his counsel will diligently pursue the subject claims for the class.

## **BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**

18.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

19.     Defendant is a merchant and/or supplier of the subject iPhone 6 and its included iPhone 6 battery. Defendant's sale of phones equipped with the subject model iPhone 6 battery included an implied warranty of merchantability in Texas. The iPhone 6, by virtue of a defect in the battery, was un-merchantable at the time it was purchased because the iPhone 6 was not fit for its ordinary purpose for the useful life of the iPhone 6. Plaintiff and members of the putative class purchased, own, or operate an iPhone 6 manufactured and sold by Defendant equipped with an iPhone 6 battery which is un-merchantable and have suffered economic injury as described herein.

20.     Plaintiff, individually and on behalf of the members of the putative class, brings a claim for breach of the implied warranty of merchantability pursuant to the Uniform Commercial Code, as adopted in Tex. Bus. & Com. Code § 2.214, *et seq*. and actionable under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.50, *et seq.* Any effort to disclaim the implied warranty of merchantability was inadequate and unenforceable under Texas law.

21.     Defendant's breach of the implied warranty of merchantability was the producing and/or proximate cause of the economic loss damages alleged herein for owners of iPhone 6s sold by Defendant.

## EXPRESS WARRANTY CLAIMS

22. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

23. Plaintiff and members of the putative class were provided an express warranty at the time of sale of the iPhone 6. Defendant warranted that the iPhone 6 would be free from defects, meet design specifications, and be suitable for its intended purpose. Moreover, Defendant warranted that it would pay the expenses associated with any product defect and needed repair. The subject iPhone 6 battery requires inspection, replacement, or repair in each iPhone 6, which involves economic loss and which Plaintiff claims should be covered by the express warranties described herein. Any time or usage bases used to deny repair warranty coverage is unreasonable and unconscionable given the latent and hidden nature of the subject defect and is not enforceable upon the members of the putative class.

24. Plaintiff, individually and on behalf of the members of the putative class, brings a claim for breach of express warranties pursuant to the Uniform Commercial Code, as adopted in Tex. Bus. & Com. Code § 2.313, *et seq*. Moreover, Plaintiff brings such claims pursuant to the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.50, *et seq*.

25. Plaintiff's and members of the putative class' damages alleged herein were proximately caused by the breach of express and implied warranties alleged herein.

## MAGNUSON-MOSS WARRANTY ACT CLAIMS

26. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

27. Plaintiff, individually and on behalf of members of the putative class, brings a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. (the "Magnuson-Moss

Act" or "Act") arising from Defendant's violation of the implied warranty of merchantability arising under Texas law and express warranties. Plaintiff seeks inclusion in any class and to represent those purchasers of the iPhone 6 for the following Magnuson-Moss Warranty Act claims.

28. The iPhone 6, along with the included iPhone 6 battery, are "consumer products" within the meaning of the Magnuson-Moss Act. Plaintiff and members of the putative class are "consumers" within the meaning of the Act. Defendant is a "warrantor" or "supplier" within the meaning of the Act.

29. The written affirmations of fact or promises made in connection with the sale of the iPhone 6 or the iPhone 6 battery, which relate to the nature of the material or workmanship and affirm or promise that such material or workmanship is defect free or will meet a specified level of performance for the lifetime of the iPhone 6, are "written warranties" within the meaning of the Act.

30. The inspection, repair, and replacement of the defective iPhone 6 and the iPhone 6 battery is "reasonable and necessary maintenance" under the Act.

31. Plaintiff, individually and on behalf of the members of the putative class, claims, pursuant to the Magnuson-Moss Act, the right to a repair or remedy of the defect existing in the battery of the iPhone 6 within a reasonable time. Moreover, any attempt to limit the duration or deny the existence of any implied warranty on the iPhone 6 and the iPhone 6 battery is improper under the Act.

32. Plaintiff claims the right to replacement free of charge of the defective iPhone 6 and its included battery, on behalf of the members of any putative class in any iPhone 6 pursuant to the Act and warranty claims set forth herein. This would include incidental damages, including in-store inspections and repair services.

33. Plaintiff, individually and on behalf of the members of the putative class, claims all remedies available under the Act.

## DECEPTIVE TRADE PRACTICES ACT CLAIM

34. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

35. Plaintiff and members of the Texas class are consumers, as defined by the Deceptive Trade Practices Act ("DTPA"), Texas Business and Commerce Code sections 17.41-17.63. Plaintiff sought or acquired goods or services from Defendant, as defined by the DTPA, when he purchased the iPhone 6.

36. Defendant can be sued under the DTPA because it is a "person" under the DTPA's definitions and because it used false, misleading, or deceptive acts or practices as defined by the Act and described previously.

37. Plaintiff, individually and as representative of the putative class, also asserts DTPA claims for violations of the express and implied warranties set forth herein.

38. Plaintiff and members of the Texas class have suffered economic harm as a result of Defendant's actions and statutory violations. Plaintiff has suffered actual, incidental, and consequential damages.

## DAMAGES

39. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

40. Plaintiff suffered direct financial damages or benefit of the bargain damages by receiving an iPhone 6 and its included defective iPhone 6 battery, which were of a reduced value in comparison to such goods if they had been as warranted and non-defective. All members of the

class herein suffered the same or similar direct damages. Plaintiff, individually and on behalf of the members of the putative class, seeks these direct economic damages.

41. Plaintiff suffered incidental damages as a result of the reasonable expenses incurred to replace the iPhone 6. The members of the class will incur the same or substantially similar economic damages. Plaintiff, individually and on behalf of the members of the putative class, seeks these incidental damages.

42. Plaintiff has been required to incur attorney's fees and court costs to pursue the claims alleged herein and seeks recovery for the same. Plaintiff, individually and on behalf of the putative class, seeks to recover all attorneys' fees and costs pursuant to Tex. Civ. Prac. & Rem. Code. § 38.001(8), the DTPA, the Magnuson-Moss Act, and Texas law.

43. Plaintiff, individually and as representative of the putative class, prays for all damages to which he is entitled under both law and equity herein.

## CLAIM FOR PREJUDGMENT INTEREST

44. Plaintiff seeks prejudgment interest at the maximum legal rate.

## APPLICATION OF SERVICEMEMBERS CIVIL RELIEF ACT

45. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

46. It is likely that members of the putative class include active-duty United States military personnel. As such, these individuals are entitled to the protections afforded by the Servicemembers Civil Relief Act, 50 U.S.C. 501 *et seq*. As such, the running of any applicable statute of limitations would be tolled during periods of active service.

## JURY DEMAND

47. Plaintiff requests that a jury be convened to try the factual issues of this case.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court certify the requested class and that judgment be entered in Plaintiff's favor against Defendant on all claims and for all damages alleged herein.

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry
State Bar No. 24002052
Attorney-in-Charge
Margaret C. Pennell
State Bar No. 24116893
HOSSLEY & EMBRY, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Ph.   903-526-1772
Fax. 903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Matt Montgomery
State Bar No. 24041509
HOSSLEY & EMBRY, LLP
4733 Don Drive
Dallas, Texas 75247
Ph.   214-390-2349
matt@hossleyembry.com

**ATTORNEYS FOR PLAINTIFF**