# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT FRANKLIN, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No.  4:21-CV-354-ALM |
| v. | § | Judge Mazzant |
| | § | |
| APPLE INC., | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Apple Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) and Motion to Abate (Dkt. #13).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED in part** and **GRANTED in part**.

## BACKGROUND

This lawsuit centers around injuries allegedly caused by a defective iPhone 6.  Around August 2018, Plaintiff Robert Franklin ("Franklin") purchased the iPhone 6 from Wal-Mart Supercenter in Sulphur Springs, TX (Dkt. #10 ¶ 9).  On or about August 15, 2019, Franklin's iPhone 6 suddenly exploded and caught fire, causing him to fall to the ground (Dkt. #10 ¶ 11).  As a result of the incident, Mr. Franklin suffered injuries to his eyes and wrist (Dkt. #10 ¶ 11). Franklin alleges a defective battery rendered his iPhone unsafe to operate. (Dkt. #10 ¶ 12).

On May 6, 2021, Franklin filed his Original Complaint and Petition for Class Certification. In his complaint, Franklin asserted the following causes of action against Defendant Apple Inc. ("Apple"): 1) breach of the implied warranty of merchantability, 2) breach of express warranty, 3) Magnuson-Moss Warranty Act claims, and 4) a Texas Deceptive Trade Practices Act ("DTPA")

claim (Dkt. #1).  In response, on July 9, 2021, Apple filed a Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion to Abate (Dkt. #7). Franklin filed a response on July 23, 2021 (Dkt. #11).

Also, on July 23, 2021, Franklin amended his original complaint, filing Plaintiff's First Amended Original Complaint and Petition for Class Certification (Dkt. #10).  Franklin's amended complaint no longer contains a claim for breach of the express warranty, breach of the implied warranty of merchantability, or any claim under the Magnuson-Moss Warranty Act (Dkt. #10). Indeed, the only claim that remains from Franklin's original complaint is his Deceptive Trade Practices Act claim, a claim he also seeks class certification of.  Additionally, Franklin's amended complaint asserts new products liability claims on behalf of himself, including a design defect claim, manufacturing defect claim, failure to warn claim, and negligence claim (Dkt. #10).

On August 6, 2021, Apple filed a Motion to Dismiss the Amended Complaint Pursuant to 12(b)(6) and 12(b)(1) and Motion to Abate (Dkt. #13).  On August 20, 2021, Franklin filed his Response in Opposition to Apple's Motion to Dismiss Amended Complaint (Dkt. #15). On August 27, 2021, Apple filed its Reply to Franklin's Response (Dkt. #17).  On September 3, 2021, Franklin filed his Sur-Reply (Dkt. #18).

## LEGAL STANDARDS

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.

1998).  If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.   Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## A.  Federal Rule of Civil Procedure 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged.  *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).  A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002).  The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims."  *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)).  Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations.  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  However, this requirement "does not 'reflect a subscription to fact pleading.'"  *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6).  *United States ex rel. Williams*

*v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014)

(citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

Apple moves to dismiss all of Franklin's claims under 12(b)(6) because Franklin "has failed to state any actionable claims" (Dkt. #13 at p. 2). Apple also asserts Franklin's DTPA claims should be dismissed or narrowed for several reasons. First, Apple argues that Franklin lacks standing with respect to "iPhone 6 series" models he did not purchase (Dkt. #13 at p. 4). Second, Apple argues that Franklin's purported class claim should be limited to class members who have experienced the alleged defect (Dkt. #13 at p. 3). Finally, Apple contends that in the event Franklin's DTPA claims are not dismissed entirely, the Court should abate the case for sixty days because Franklin has not complied with the pre-suit notice requirement under the DTPA.

### I.      Standing

The Court will address the threshold argument as to standing first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (stating that a court should consider the 12(b)(1) jurisdictional attack before addressing other Rule 12 motions). In his amended complaint, Franklin brings claims under the DTPA and seeks to represent a Texas-only class of individuals who purchased, acquired, or own an iPhone 6 series that is equipped with the defective iPhone 6 series battery (Dkt. #10 ¶ 90). Thus, while Franklin admits to only buying the iPhone 6, he seeks to represent consumers who own not only the iPhone 6, but also consumers who own the iPhone 6 Plus, iPhone 6s, and iPhone 6s Plus. Apple argues that the Court must dismiss Franklin's class claim with respect to "iPhone 6 series" models he did not purchase for lack of subject-matter jurisdiction under Rule 12(b)(1) (Dkt. #13 at p. 4). According to Apple, Franklin lacks standing to bring claims based on products he did not buy (Dkt. #13). Franklin counters that he has

established standing and—in any event—the issue of whether he can bring claims based on products he did not purchase should be addressed at the class certification stage (Dkt. #15).

"Article III of the Constitution limits federal courts' jurisdiction to certain Cases and Controversies." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013) (internal citations omitted).  A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (internal citations omitted); *see also* FED. R. CIV. P. 12(b)(1).

The "irreducible constitutional minimum" to establish Article III standing requires three elements. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992).  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*  To survive a motion to dismiss, "the plaintiff must clearly allege facts demonstrating each element." *Id*.  In a class action, standing is satisfied if at least one named plaintiff meets the requirements. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976).

As both sides acknowledge, there is a split of authority regarding whether a plaintiff can bring class action claims on behalf of consumers who purchased similar, but not identical products. *See Donohue v. Apple, Inc*., 871 F.Supp.2d 913, 921 (N.D. Cal. 2012) (collecting cases).  Further, the Fifth Circuit has not weighed in on this matter. Some federal courts have held, as a matter of law, that a plaintiff lacks standing to assert such claims. *See, e.g., Granfield v. NVIDIA Corp*., No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.").  Another group of

courts have adopted a middle-ground position, in which "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and [those] not purchased." *See, e.g., Astiana v. Dreyer's Grand Ice Cream, Inc.*, 11–cv–2910–EMC, 2012 WL 2990766, at * 11 (N.D. Cal. July 20, 2012). A third group of courts have held that the standing inquiry is more appropriately resolved on a motion for class certification. *See, e.g., Forcellati v. Hyland's, Inc*., 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012) ("[The] argument is better taken under the lens of typicality or adequacy of representation, rather than standing.").

It appears that the courts that have carefully analyzed the question have held that a plaintiff has standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar. *See, e.g., Richey v. Axon Enterprises, Inc.,* 437 F. Supp. 3d 835, 843 (D. Nev. 2020) ("[T]he majority of courts that have approached this question apply the substantial similarity test to determine if such a plaintiff has standing."); *Astiana v. Dreyer's Grand Ice Cream, Inc*., No. C–11–2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012) (noting that in most reasoned opinions, "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased"); *Anderson v. Jamba Juice*, 888 F. Supp. 2d 1005–06 (N.D. Cal. 2012) (relying on *Astiana* for the same proposition); *see also Donohue*, 871 F. Supp. 2d at 922 (finding that plaintiff has standing to assert claims on behalf of purchasers of other iPhone models, and Apple's arguments "are better resolved at the class certification stage").  Courts have found that factors relevant to this inquiry include "similarity in products, similarity in claims, similarities in injury to consumers." *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2014 WL 1024182, at *6 (N.D. Cal. Mar. 13, 2014).

For example, in *Astiana*, the court found that the plaintiffs had alleged sufficient similarity between the products they purchased and those they had not where the plaintiffs were challenging the same kind of food products (i.e. ice cream) and the same labels on all of the products. *Astiana*, 2012 WL 2990766, at *13. Similarly, in *Morgan v. Apple Inc.*, No. 17-cv-05277-RS, 2018 WL 2234537, at *9 (N.D. Cal. May 16, 2018), the court found that plaintiffs' allegations were sufficient to establish substantial similarity where the products were similar (Powerbeats 3 was the next generation version of Powerbeats 2) and the alleged misrepresentations at issue were substantially similar. *Id.*  By contrast, when the alleged misrepresentations or accused products have been dissimilar, courts have dismissed claims based on products not purchased. *See Miller v. Ghiradelli Chocolate* Co., 912 F. Supp. 2d 861, 872 (N.D. Cal. 2012) ("In sum, the products are too different, and their labeling is dissimilar . . . . In a closer case, the court would resolve the question on class certification. On this record, however, the court [grants] [defendant's] motion to dismiss [plaintiff]'s claim based on the four products he did not purchase.")

The Court finds the approach in these cases to be persuasive and finds the "substantial similarity" test appropriate to determine whether Franklin has standing at this stage. This approach strikes a balance in resolving the "tension in prior cases" over whether differences among class members "is a matter of Article III standing at all or whether it goes to the propriety of class certification . . . . " *Gratz v. Bollinger*, 539 U.S. 244, 263, 263 n.15 (2003). The approach also "makes sense, both as a logical and practical matter."  *Brazil v. Dole Food Co.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *7 (N.D. Cal. Sept. 23, 2013). By limiting a plaintiff's ability to sue over products he did not purchase to ones that are substantially similar to the products he did purchase, "courts ensure that the plaintiff is seeking to represent only those individuals who have suffered essentially the same injury as plaintiff." *Id.*  Accordingly, the substantial similarity

approach recognizes that a plaintiff's standing must be limited to injuries that he has personally suffered. However, the approach also "recognizes that the definition of the plaintiff's 'injury' is not so narrow as to encompass only the exact set of circumstances that led to plaintiff's suit." *Id.* Further, any other concerns regarding material differences in the products are better addressed at the class certification stage where it can be determined whether the named plaintiff can adequately represent a class of individuals who purchased "similar" products. *Astiana*, 2012 WL 2990766 at *13.

Nonetheless, Apple argues that even under the substantial similarity approach, Franklin fails to allege that iPhone 6 series models are substantially similar (Dkt. #13 at p. 28). The Court disagrees. Franklin contends that there is a substantial similarity between the product purchased (the iPhone 6) and the products not purchased (the other iPhone 6 series models) because all of the models have the alleged defect that forms the basis of his complaint (Dkt. #10 ¶ 8). In support of this, Franklin cites to numerous instances where the other iPhone 6 models have been defective in the same way as Franklin's iPhone (Dkt. #10 ¶ 17–32). Further, Franklin asserts that Apple misrepresented the known defect and failed to disclose it in all of the iPhone 6 models. He points to specific statements made by Apple about not only the iPhone 6, but other iPhone 6 models (Dkt. #10 ¶ 100). Accordingly, because the purchased model and the unpurchased models are alleged to have the same defect and Apple's alleged wrongful conduct applies to all of the models, the Court finds Franklin has pleaded substantial similarity between the products at this stage to overcome Apple's motion to dismiss on this point. Importantly, Franklin is not asserting standing to sue over injuries he did not suffer. Rather, Franklin asserts that he suffered the same injuries as a result of buying the iPhone 6 that the unnamed class members suffered as a result of buying the

other iPhone 6 models.  The Court thus concludes that Franklin has standing to bring claims on behalf of the proposed class.

## II.        Challenges to Franklin's Claims under Rule 12(b)(6)

The Court now proceeds to examine Apple's contentions that Franklin's claims should be dismissed under 12(b)(6).  Apple contends that Franklin's design defect, manufacturing defect, marketing defect, negligence, and DTPA claims should be dismissed for failure to state a claim.

### A.  Design Defect

"To recover for a products liability claim alleging a design defect, a plaintiff must prove (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011); *see also Zoch v. Daimler, A.G.*, 4:17-CV-578, 2018 WL 4610569, at *4 (E.D. Tex. Sept. 25, 2018) (citing *Flock v. Scripto–Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003)).

Apple first argues Franklin has not plausibly alleged a design defect claim because his allegations are controverted by "judicially noticeable information"—specifically, the iPhone User Guide and Apple support page (incorporated by reference into the iPhone User Guide) (Dkt. #13 at p. 10).  Plaintiff's amended complaint states that the iPhone 6 was in a defective condition due to: i) lack of mechanism to prevent overheating, ii) lack of audible or visual warnings or alerts, iii) lack of a functioning mandatory shutdown, and iv) lack of proper component parts (Dkt. #10). But Apple contends that the documents it seeks judicial notice of show that plaintiff's allegations "are verifiably false" (Dkt. #13 at p. 5). According to Apple, these documents provide information as to what the iPhone does if the device exceeds normal operating temperatures.  For example, the iPhone User Guide states that users experience a stop in charging, screen dimming, and app closure

as the device attempts to regulate its temperature (Dkt. #13, Exhibit A).  Further, if the device is unable to regulate its internal temperature, it goes into deep sleep mode until it cools (Dkt. #13, Exhibit A).  And, according to the Apple support page, if the device exceeds a certain temperature threshold, it will present a temperature warning screen (Dkt. #13, Exhibit B).  Thus, Apple's initial design defect arguments largely turn on these two documents for which it requests judicial notice.

A district court reviewing a motion to dismiss "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (citations omitted).  Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Contrary to Apple's assertions, judicial notice is not proper in this instance. Apple does not simply ask the Court to take judicial notice of the *fact* the statements appeared in Apple's iPhone User Guide and support page.  Rather, Apple asks the Court to judicially notice the *contents* of the statements (Dkt. #13 at p. 6).  Thus, Apple misconstrues the difference between the existence of a document itself and the factual veracity of its contents. *See Lovelace v. Software Spectrum Inc*., 78 F.3d 1015, 1018 (5th Cir. 1996) ("Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents."). Just because a document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.

Accordingly, the Court finds that Apple's argument that Franklin has not plausibly alleged a design defect is without merit.  To the contrary, Franklin's amended complaint states that the

iPhone was in a defective condition due to: i) lack of mechanism to prevent overheating, ii) lack of audible or visual warnings or alerts, iii) lack of a functioning mandatory shutdown, and iv) lack of proper component parts (Dkt. #10).  Viewing the facts in the light most favorable to Franklin, it is a reasonable inference that the iPhone 6 contains a design defect.

Apple also contends that Franklin's design defect claim must be dismissed because Franklin does not plead facts that show a safer, alternative design existed (Dkt. #13 at p. 10).  This argument has merit.  A "safer alternative design" means a product design other than the one actually used that in reasonable probability:

> (1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and
> (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

TEX. CIV. PRAC. & REM. CODE § 82.005(b).  In Franklin's amended complaint, he alleges that his "ability to avoid injury was frustrated by the absence of such alternative designs incorporated into the iPhone design" (Dkt. #10 ¶ 44).  Additionally, he claims: "Considering costs, safety, and functionality, a feasible alternative design existed at the time that the iPhone was manufactured, created, designed, altered, assembled, installed, distributed, supplied, sold, and maintained" (Dkt. #10 ¶ 45).  Even viewing these allegations as true, the Court finds Franklin's claims are insufficient to satisfy the safer alternative design requirement at the pleading stage.  Notably absent from Franklin's amended complaint are any specific factual allegations describing the purported safer alternative design.  To survive a 12(b)(6) motion, Franklin must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Franklin acknowledges that his allegations are not detailed, yet he claims they satisfy the "notice pleading" because he need only plead facts that the iPhone battery "could have been alternatively designed in a safer manner and that such alternative designs were economically and technologically feasible" (Dkt. #15 at p. 11) (citing *Duncan v. Smith & Nephew, Inc.*, No. 3:19-CV-00392, 2020 WL 6151233 at *3 (S.D. Tex. Oct. 5, 2020)). But, in *Duncan*, the plaintiff specifically mentioned the names of several products that he believed were safer alternatives. *See Duncan*, 2020 WL 6151233 at *3. By contrast, Franklin's amended complaint fails to identify any alternative design—much less how the design is in fact feasible or safer. Accordingly, his amended complaint contains no *facts* regarding an alternative design, only conclusory statements. Bare assertions that a safer alternative design exists will not suffice. *See Cole v. C.R. Bard, Inc.*, No. 4:20-CV-01630, 2021 WL 784661, at *2–3 (S.D. Tex. Feb. 11, 2021) ("Notably absent from the Complaint are any specific factual allegations describing the purported safer alternative design . . . [W]hat is the safer alternative design? Of what material is it made? . . . The Complaint answers none of these questions.").

In finding that Franklin has not alleged sufficient facts to support his design defect claim, the Court is cognizant of the fact that the Fifth Circuit has recognized that products liability law is "an area of [the] law where defendants are likely to exclusively possess the information relevant to making more detailed factual allegations . . . ." *Flagg v. Stryker Corp.*, 647 Fed.App'x. 314, 318 (5th Cir. 2016). However, in *Flagg*, the plaintiff at least referenced facts supporting an alternative design—he pleaded that a different metal alloy and a different shape and size would have reduced the risk of injury. *Id.* Here, as previously stated, Franklin does not identify an alternative design at all; he merely states in conclusory fashion that an alternative design exists. Accordingly, the Court finds that Franklin has not stated a plausible design defect claim.

### B.  DTPA Claims

Franklin also asserts Apple violated the DTPA. The DTPA creates a cause of action for consumers based on "(1) the use of or employment of a false, misleading, or deceptive act or practice that is included in the 'laundry list' of violations under section 17.46(b), (2) the breach of any express or implied warranty, and (3) an unconscionable action or course of action." *Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.*, No. 01-16-00357-CV, 2017 WL 4820347, at \*7 (Tex. App—Houston [1st Dist.] Oct. 26, 2017, no pet.).  To state a valid claim under the DTPA, Franklin must show that (1) he is a consumer, (2) that the defendant engaged in false, misleading, or deceptive acts, and (3) that those acts were a producing cause of his damages. *See* TEX. BUS. & COM. CODE § 17.50(a); *see also Hugh Symons Group, plc v. Motorola, Inc*., 292 F.3d 466, 468 (5th Cir. 2002) (citing *Chamrad v. Volvo Cars of North America*, 145 F.3d 671, 672 n. 3 (5th Cir.1998), cert. denied, 537 U.S. 950 (2002)).

In federal court, certain claims under the DTPA are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Weidner v. Nationwide Prop. & Cas. Ins. Co*., No. 4:13-CV-263, 2014 WL 8397281, at \*5 (E.D. Tex. June 6, 2014); *Omni USA, Inc. v. Parker–Hannifin Corp*., 798 F.Supp.2d 831, 836 (S.D. Tex. 2011); *Berry v. Indianapolis Life Ins*. Co., 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (It is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b).") (quoting *Patel v. Holiday Hospitality Franchising, Inc*., 172 F. Supp. 2d 821, 824–25 (N.D. Tex. 2001).  Notably, "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro Corp*., 796 F.3d 468, 480 (5th Cir. 2015) (citations omitted).

In other words, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc*., 417 F.3d 450, 453 (5th Cir. 2005).

### i.    Misrepresentation

Franklin's misrepresentation claim is based on the so-called "laundry list violations" contained in § 17.46(b).  Specifically, Franklin alleges that Apple violated the DTPA by: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; (2) representing that goods or services are of a particular standard, quality or grade, if they are of another; and (3) advertising goods or services with intent not to sell them as advertised" (Dkt. #10 ¶ 97).  In support of his claims, Franklin identifies a number of statements made by Apple in paragraph 100 of his amended complaint (Dkt. #10 ¶ 100).

As stated previously, claims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b). *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011).

Apple argues that Franklin's DTPA claims fail to contain nearly all of the requisite detail required under Rule 9(b).  Specifically, Apple contends that all but one of the statements in paragraph 100 of Franklin's amended complaint are missing the *who, when and where* of the alleged fraud.  Further, Apple argues that the only statement in the amended complaint that is not

deficient in these regards—the statements in a September 9, 2015 press release that Plaintiff identifies—is deficient in another aspect—*how* it was false (Dkt. #13 at p. 19).  In his response, Franklin simply repeats the allegations made in his amended complaint.

The Court agrees that Franklin has failed to satisfy Rule 9(b) on this issue.  Franklin fails to identify the name of the speaker, identify when the statement was made, and identify where it was made in all but one his statements.  Further, Franklin fails to plead *how* any alleged statements made by Apple were false or misleading.  Franklin attempts to save his claim by noting that when facts relating to fraud are "peculiarly" within the perpetrator's knowledge, "relaxed" requirements of Rule 9(b) apply. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 385 (5th Cir. 2003).  But his argument is unconvincing. Franklin has not shown how details concerning *public* statements made by Apple are peculiarly within Apple's knowledge.  Nor has Franklin otherwise provided any explanation as to why the information is not within his knowledge. *See Bige, Inc. v. Penn-America Ins. Co.*, No. 1-15-CV-292RP, 2015 WL 5227726, at *5 (W.D. Tex. Sept. 8, 2015) (rejecting the application of a relaxed standard when plaintiff provided no explanation as to why the facts were "peculiarly within" the defendant's knowledge).  Further, as Franklin alleges he relied on these misrepresentations, it is hard to see why Franklin cannot come forward with more detail on these facts. Accordingly, the Court finds that Franklin has not met the pleading requirements with this claim.

### ii.     Failure to Disclose

To state a DTPA claim on failure to disclose theory, the plaintiff must show (1) a failure to disclose, (2) which was known at the time of the transaction, (3) which was intended to induce the plaintiff into a transaction, and (4) that the plaintiff otherwise would not have entered the transaction if the information had been disclosed. *Hudspeth v. Enter. Life Ins. Co*., 358 S.W.3d

373, 388 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  Further, as with other fraud-based DTPA claims, a claim for failure to disclose is subject to Rule 9(b)'s heightened pleading requirements. *Llort v. BMW of N. Am., LLC*, No. 1:20-CV-94-LY, 2020 WL 2928472, at *6 (W.D. Tex. June 2, 2020).  In cases concerning omission of facts, a plaintiff must typically "plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex. rel. Riley v. St. Luke's Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004)).

Apple argues that Franklin has not alleged facts with sufficient particularity to support his claim under the DTPA for failure to disclose.  Franklin's allegations concerning his failure to disclose claim are the same allegations Franklin relies upon for his misrepresentation claim. Although this is not a problem in and of itself, the Court has already pointed out the allegations lack the particularity required under Rule 9(b).  Further, while Franklin states Apple's representations "were materially false because they failed to disclose the known defect," (Dkt. #10 ¶ 100), this is also insufficient. *See Carroll*, 470 F.3d at 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading").  Accordingly, again, the Court finds that Franklin has not satisfied the pleading requirements for this claim.

### iii.    Unconscionable Acts

Franklin's final claim under the DTPA is that Apple violated the DTPA by engaging in unconscionable actions or courses of conduct. *See* TEX. BUS. & COM. CODE § 17.50(a).  To plead a cause of action for unconscionable acts under the DTPA, a plaintiff must allege that the defendant

engaged in an "unconscionable action or course of action" that was "a producing cause of economic damages or damages for mental anguish." *Id.*  The DTPA defines an unconscionable action as one which "takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree" and to the consumer's detriment. *Id.* § 17.45(5).

Apple argues that Franklin has failed to plead sufficient factual content to meet the pleading requirements (Dkt. #13 at p. 25).  In his response, Franklin fails to defend the deficiencies of his claim.  Putting aside the question of whether Franklin abandoned his unconscionability claim by failing to defend it, *see Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006), his claim is nevertheless insufficient to meet the pleading requirements.  His allegations in paragraph 102 are threadbare recitals of definitions in the DTPA (Dkt. #10 ¶ 102).  Moreover, Franklin has not identified what acts of Apple were unconscionable or otherwise made any supporting factual contentions regarding the alleged unconscionable acts. *See Acker v. Schering-Plough Corp.,* No. 1:09CV824, 2010 WL 11531177, at *8 (E.D. Tex. Sept. 30, 2010) (dismissing claim where plaintiff made no supporting factual allegations regarding the alleged unconscionable acts).  More specifically, Franklin has not pleaded how Apple took advantage of his lack of knowledge, ability, experience, or capacity to a grossly unfair degree. *See* TEX. BUS. & COMM. CODE § 17.45(5). Therefore, the Court finds that Franklin has not satisfied the pleading requirements with this claim.

### iv.    Statutory Standing under the DTPA for Class Members Who Have Not Experienced the Alleged Defect

Apple's final argument under 12(b)(6) regarding the DTPA is that Franklin's class claims are overbroad with respect to purchasers and/or owners of the iPhone 6 series whose devices have not manifested the purported defect.  Apple argues that unmanifested injuries are not compensable under the DTPA because individuals who have not experienced the alleged defect have not suffered any cognizable economic injury under Texas law (Dkt. #13 at pp. 26–7) (citing *Everett v.*

*TK-Taito, L.L.C.,* 178 S.W.3d 844, 857 (Tex. App.—Fort Worth 2005, no pet.)).  By statute, an "injury" for purposes of standing to bring a DTPA suit occurs when deceptive acts are a producing cause of economic damages (or mental anguish damages) to a consumer. *See* TEX. BUS. & COMM. CODE § 17.50(a).  "Economic damages" are defined as "compensatory damages for pecuniary loss, including costs of repair and replacement." *Id.* § 17.45(11).

As the Texas Supreme Court has recognized, "[Texas] law is not well developed on the degree to which a defect must actually manifest before a claim is actionable." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008).  But while Texas law is not clear, there are factors that can guide a court's decision. *Gordon v. Sig Sauer, Inc.*, No. 4:19-cv-585, 2020 WL 4783186, at *9 (S.D. Tex. April 20, 2020).  For instance, another district court found "the likelihood of the manifestation and the usable life of the alleged defective product" to be determinative on whether a plaintiff may have a compensable claim under Texas law. *Id.*

Here, unlike *Everett*, the case which Apple looks to in support of its position, Franklin has alleged that the defect has more than a remote likelihood of manifestation. *See Everett*, 178 S.W.3D at 858.  In *Everett*, the Texas court dismissed claims under the DTPA based on defective seatbelts when the plaintiff had owned the car for ten years with no manifestation of the defect. *Id*. Further, although the plaintiffs generally pleaded the seatbelts were "defective," the plaintiffs had not identified any way in which their seatbelts performed differently from the way defendants represented the seatbelts would perform. *Id.*  By contrast, Franklin's amended complaint alone includes thirty-four separate instances of iPhone 6 series runaway thermal events (Dkt. #10 ¶ 17– 31).  Further, he identifies specific representations by Apple that allege the iPhone 6 series models have certain benefits, but allegedly do not (Dkt. #10 ¶ 100).  Additionally, Franklin alleges the class has suffered injuries stemming from increased time and expense in dealing with device

performance issues (Dkt. #10 ¶ 106).  Taking his allegations as true at this early stage, his pleadings sufficiently allege how the class has not received the benefit of their bargain.  Therefore, his class claim on behalf of class members who have not experienced the alleged defect cannot be dismissed at this time.

### C.  Other Claims Challenged Under 12(b)(6)

After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that Franklin has stated plausible claims for manufacturing defect, marketing defect, and negligence.

### III. Leave to Amend

In his Response to Apple's Motion to Dismiss, Franklin requests leave to file an amended complaint in the event the Court determines Franklin has failed to state a claim.  Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a).  After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.*  Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.*  The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

In this case, the Court finds it appropriate to give Franklin an opportunity to amend his complaint to fix any deficiencies within fourteen (14) days of this Order.

### IV. Motion to Abate

As previously discussed, the Court has found that Franklin has not sufficiently pleaded his claim under the DTPA for purposes of Apple's Rule 12(b)(6) motion.  However, the Court has

given Franklin leave to amend.  Therefore, since the Court has not dismissed Franklin's DTPA claims with prejudice, the Court now turns to Apple's request for abatement.  To the extent the DTPA applies, Franklin must comply with all substantive provisions of it, including its notice provision.[1]  *See Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992) ("The notice requirement of the DTPA is clearly mandatory . . .").  Notably, section 17.505 of the DTPA requires, "[a]s a prerequisite to filing a suit seeking damages" under the statute, that

> a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

TEX. BUS. & COM. CODE § 17.505(a).  Further, there are only two exceptions to the notice requirement, which are 1) the sixty days notice would be impracticable because the statute of limitations would run, or 2) the consumer's DTPA claim is asserted by way of counterclaim. *Id.* § 17.505(b).

Apple contends that Franklin failed to plead that he provided proper notice under the DTPA or that he is entitled to any exception to the notice requirement (Dkt. #13 at p. 30).  More specifically, Apple argues Franklin never provided notice to Apple of the amount of attorneys' fees sought, though that is an express requirement of the notice provision (Dkt. #13 at p. 30).

---

[1] "The Erie doctrine requires federal courts to apply substantive law when adjudicating state law claims. Procedural matters are however governed by federal law." *Herbert v. Wal-Mart Stores, Inc*., 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ).  A law is determined to be procedural or substantive based on whether it "concerns merely the manner and the means by which a right to recover . . . is enforced, or whether such statutory limitation is a matter of substance." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). Although providing sufficient notice is a procedural process, federal courts should apply the notice provision in the DTPA because its purpose is intertwined with Texas's substantive policy. *See Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983) (enforcing another notice provision required by Texas law). Further, the Fifth Circuit and district courts in Texas have routinely and strictly applied DTPA's notice provision in federal court. *See Oppenheimer v. Prudential Sec. Inc*., 94 F.3d 189, 194 (5th Cir. 1996); *Int'l Nickel Co., Inc. v. Trammel Crow Distrib. Corp*., 803 F.2d 150, 156 (5th Cir. 1986); *Flores v. Allstate Ins. Co*., No. 1:13-CV-613, 2013 WL 12155745, at *2 (E.D. Tex. Nov. 6, 2013).

Franklin responds that Apple received written notice of Franklin's claim and the incident on or about November 22, 2019 (Dkt. #15 at p. 2).  According to Franklin, Apple acknowledged Franklin's claim, then requested Franklin's phone to determine the cause of the explosion (Dkt. #15 at p. 2).  Consequently, Franklin alleges Apple "did receive substantive pre-suit notice" (Dkt. #15 at p. 25).  Significantly, Franklin does not dispute Apple's assertion that his written notice failed to include the amount of attorneys' fees sought (Dkt. #15).  But Franklin argues in his response that an exception to the notice requirement applies—namely, that sixty days notice was rendered impracticable because the statute of limitations would have run (Dkt. #15 at pp. 25–6). More specifically, Franklin argues notice was not required by the statute since the events giving rise to the lawsuit occurred on August 15, 2019 and Franklin's amended complaint was filed on July 23, 2021 (Dkt. #15 at p. 25).

The Court finds that Franklin has failed to provide adequate notice as required by the DTPA.  As noted, to satisfy the notice provision of the DTPA, the plaintiff must send notice to the defendant setting forth "in reasonable detail" the "specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any." TEX. BUS. & COM. CODE § 17.505(a).  The burden is on the plaintiff to plead notice. *See Hines*, 843 S.W.2d at 467.  Franklin seeks attorneys' fees in his amended complaint, yet he never alleges that any notice to Apple included this. As another district court has recognized, "the wording of the DTPA requires 'the amount of' damages sought, not merely an allegation that some sort of damages occurred." *Daniels v. AETC II Privatized Housing, LLC*, No. SA-19-CA-1280-FB, 2020 WL 6789336, at *5 (W.D. Tex. Jan 6, 2020).  Consequently, Franklin's failure to specify any amount of attorneys' fees in his pre-suit notice is fatal. *See Int'l Nickel Co., Inc. v. Trammel Crow Distrib.*

*Corp.*, 803 F.2d 150, 156 (5th Cir. 1986) (finding notice under the DTPA inadequate where it did not make any claim as to attorney's fees).

Franklin alternatively argues that notice was not required because notification was impracticable in light of the impending expiration of the statute of limitations. *See* TEX. BUS. & COM. CODE § 17.505(b) (providing an exception to the written notice requirement). This argument is similarly to no avail. To benefit from the exception to the pre-suit notification requirement, "a plaintiff must *plead* that he qualifies for the exception." *Camp v. RCW & Co., Inc.*, No. H-05-3580, 2007 WL 1306841, at *11 (S.D. Tex. May 3, 2007) (citing *Winkle Chevy-Olds-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi, 1992, writ dism'd); *see also Patel v. Hosp. Franchising, Inc.* 172 F.Supp.2d 821, 826 (N.D. Tex. 2001) (holding that defendants were entitled to have the action held in abeyance because plaintiff did not plead that either of the exceptions to the notice statute applied). Here, Franklin has not pleaded that he gave Apple the required notice or otherwise qualified for an exception. That his response to Apple's motion to dismiss invoked the exception to the notice requirement is insufficient. Accordingly, Apple is entitled to have this action held in abeyance until Franklin complies with the DTPA's notice requirement. *See Oppenheimer v. Prudential Secs. Inc*., 94 F.3d 189, 194 (5th Cir. 1996) (finding that the proper remedy for insufficient notice is abatement).

## CONCLUSION

It is therefore **ORDERED** that (Dkt. #13) is hereby **GRANTED in part** and **DENIED in part.**

It is further **ORDERED** that the action is **ABATED** and will remain in abatement until sixty (60) days after the date Franklin provides Apple with proper pre-suit notice as required under § 17.505(a).

It is further **ORDERED** that after the abatement period ends, Franklin has fourteen (14) days to file a second amended complaint to cure the defects in his complaint.

It is further **ORDERED** that after the abatement period ends, the parties have fourteen (14) days to submit another joint proposed scheduling order.

**IT IS SO ORDERED.**

**SIGNED this 27th day of October, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE