# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ROBERT FRANKLIN, individually on behalf of all putative class members,<br>　　*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br>　　*Defendant*. | §<br>§<br>§<br>§<br>§　Civil Action No.  4:21-CV-354-ALM<br>§　Judge Mazzant<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Apple Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #24).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

## BACKGROUND

The background of this case is more thoroughly set forth in the Court's Order on Defendant's Motion to Dismiss (Dkt. #19).  Highly summarized, this lawsuit centers around injuries allegedly caused by a defective iPhone 6.  According to Plaintiff Robert Franklin ("Franklin"), his iPhone 6 suddenly exploded and caught fire, causing him to suffer injuries that continue to plague him to this day (Dkt. #21 ¶ 11).  Franklin alleges a defective battery rendered his iPhone unsafe to operate. (Dkt. #21 ¶ 8).

On May 6, 2021, Franklin filed his original complaint (Dkt. #1).  On July 23, 2021, after Apple Inc. ("Apple") filed a motion to dismiss, Franklin amended his original complaint, asserting strict liability claims for design defect, manufacturing defect, and marketing defect, as well as a negligence claim (Dkt. #10).  The amended complaint also asserted a putative class claim for violations of the Texas Deceptive Trade Practices Act ("DTPA") (Dkt. #10).  On August 6, 2021,

Apple filed a motion to dismiss the amended complaint and motion to abate (Dkt. #13). On October 27, 2021, the Court granted in part and denied in part Apple's motion to dismiss, dismissing Plaintiff's design defect and DTPA claims, but denying Apple's motion to dismiss on Plaintiff's other claims (Dkt. #19). The Court then abated the action and granted Plaintiff leave to amend (Dkt. #19). On January 14, 2022, Franklin filed his second amended complaint, re-pleading his design defect and DTPA claims (Dkt. #21).

On January 28, 2022, Apple filed the present motion, moving to dismiss Franklin's DTPA claims (Dkt. #24). On February 11, 2022, Franklin filed his response (Dkt. #27). On February 18, 2022, Apple filed its reply (Dkt. #28).

## LEGAL STANDARDS

### I.      Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine

whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**A. Federal Rule of Civil Procedure 9(b)**

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that Franklin has stated plausible claims under the DTPA.

## CONCLUSION

It is therefore **ORDERED** that Defendant Apple Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #24) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 15th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE